IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL HALL, | : | |
|     Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | |
| SEPTA, *et al.*, | : | NO. 22-4759 |
|     Defendants. | : | |

**MEMORANDUM**

**SURRICK, J.**                                                                                                                **DECEMBER 15, 2022**

Plaintiff Paul Hall filed this *pro se* action alleging discrimination on the basis of a disability.  Hall seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant Hall leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice.  He will be granted leave to file an amended complaint as set forth more fully below.

**I.     FACTUAL ALLEGATIONS**[1]

Hall utilized a standard form to submit his Complaint and checked the box to indicate federal question as the basis for this court's jurisdiction, specifically noting "employment discrimination and violation to [sic] ADA."  (*See* Compl. at 3.)  Named as Defendants are: SEPTA, TWU Local 234, Judge Debra Bowers, Bethann Naples, Esq., and David Stern, Esq. (*Id.* at 2-3.)  The nature of Hall's claims is difficult to discern because they are presented in a vague and disjointed manner.  He alleges that he "got injured from work" and pursued a workers' compensation claim.  (*Id.* at 4.)  Hall contends that "the judge allowed things that her

---

[1] The following allegations are taken from the Complaint and public records of which the Court may take judicial notice.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

questionnaire said what she would and would not.  After my hearing her questionnaire changed."

(*Id.*)

Hall further claims that he "[f]ound out after Victoria Dupree Miller filed criminal charges that TWU Local 234 would not represent me."[2]  (*Id.*)  Hall alleges as follows:

> So they allowed Stephan Walters to give false testimony at my hearing about the CDL and my injuries.  So Bethann Naples notified Judge Bowers that he was a witness 2 days before my WC hearing.  Stephan was allowed to give testimony and present evidence the day of the hearing which he admitted to removing his name and letterhead off his letter.  My attorney did not object to the presentation and he was allowed to submit tampered with evidence onto the record.  In his testimony he stated us drivers may possibly have to use our brake pedal on I76 East and West.  That was a misleading statement.

(*Id.*)  According to Hall, "[i]f the union would have backed me contractually I would not have lost my case and I would have got a reasonable accommodation just like Douglas Maddox.  Douglas and I are both handicap and he got to do office work while under investigation." (*Id.*)

Hall claims that he "had a work related injury [in] August 2016 which was a catecholamine surge.  To date I suffer the lasting effects of that injury.  I attached medical records." (*Id.* at 5.)  He also avers that "[b]usiness agent Victoria Dupree Miller pursued criminal charges" against him and that he was diagnosed as "pscho-Bipolar." (*Id.*)  Hall asserts that "[e]verything ties back in the 2016 work related injury which is being denied and withheld from my work history." (*Id.*)

In support of his allegations, Hall attached to the Complaint various medical records, excerpts of email correspondence, news clippings, excerpts of court transcripts, and a letter from his mother.  (*See id.* at 7-47.)  He seeks $550 million in damages.  (*Id.* at 5.)

---

[2] Ms. Miller is not a party to this action.

**II.     STANDARD OF REVIEW**

The Court grants Hall leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Hall is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). The Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). "A complaint must

contain sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim." *Prelle v. United States by Prelle*, No. 22-1453, 2022 WL 16958896, at *1 (3d Cir. Nov. 16, 2022) (internal quotations and citations omitted).

"[A] pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Garrett*, 938 F.3d at 93; *see also Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Garrett*, 938 F.3d at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

### III.  DISCUSSION

Hall's Complaint fails to comply with Rule 8 and fails to state a claim. Although Hall used the Court's standard form complaint to set forth his allegations, it is nevertheless unclear what claims he presents against each defendant. It appears that Hall worked for SEPTA at one time, that he was unable to work for a time due to an illness or injury, and that his employment ended in 2018. However, the circumstances surrounding his illness or injury, and the cessation of his employment with SEPTA, remain entirely unclear. The events related to the alleged

4

discrimination Hall claims to have suffered are not apparent even under a careful reading and liberal construction of the Complaint.

The Court understands Hall as seeking to assert claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, stemming from his employment with SEPTA.  To state a claim of disability employment discrimination under the ADA, a plaintiff must establish: "(1) he is a disabled person within the meaning of the ADA, (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination."  *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999) (citing *Gaul v. Lucent Tech.*, 134 F.3d 576, 580 (3d Cir. 1998)).  To support a claim for a failure to accommodate under the ADA, a plaintiff must establish: "(1) he was disabled and his employer knew it; (2) he requested an accommodation or assistance; (3) his employer did not make a good faith effort to assist; and (4) he could have been reasonably accommodated."  *Capps v. Mondelez Global, LLC*, 847 F.3d 144, 157 (3d Cir. 2017).  While Hall alleges that he was injured at work "in August 2016 which was a catecholamine surge," (*see* Compl. at 4-5), it is unclear whether this is Hall's alleged disability for purposes of an ADA claim.  He attaches to the Complaint numerous medical records pertaining to various medical concerns, including treatment for cardiac issues, as well as other ailments, such as foot and ankle pain.  (*See id.* at 12-15, 17-19, 29.)  Hall does not clearly allege what the disability is, much less that he was qualified for a job, or what adverse employment actions were taken against him as a result of that disability.

Hall's allegations against TWU Local 234 are equally vague.  He claims that "[i]f the union would have backed me contractually I would not have lost my case and I would have got a

reasonable accommodation just like Douglas Maddox.  Douglas and I are both handicap and he got to do office work while under investigation."  (Compl. at 4.)  It is unclear what "case" Hall is referencing, or in what way the union is alleged to have failed to act.  The email threads, news articles, and excerpts of court transcripts attached to the Complaint shed no light on the union's alleged failure to act.

This is not the first time Hall has filed suit against Judge Debra Bowers, Bethann Naples, Esq., and David Stern, Esq., among others, based on matters related to a workers compensation claim that he pursued in 2018.  *See Hall v. Victoria Dupree Miller*, Civ. A. No. 22-1951 (E.D. Pa.).  An October 19, 2018 letter attached to the Amended Complaint in that case indicates that Defendant Bowers presided over Hall's workers compensation matter, Defendant Naples acted as counsel for SEPTA in the matter, Defendant Stern represented Hall in the matter, and Stephan Walters appeared as a witness in the matter.  (*See* Civ. A. No. 22-1951, ECF No. 7 at 21.)  Neither the documents attached to the Complaint in the case at bar, nor the allegations in the body of the Complaint, identify Judge Bowers, or Defendants Naples and Stern, or explain their role in the alleged discrimination.  Hall has failed to allege a plausible basis for claims against any of them.  While some of the allegations in Hall's current Complaint are similar to some of the allegations in his prior case, the Court cannot ascertain whether Hall is attempting to reassert any claims that have previously been dismissed due to the vague nature of his allegations.

In any event, the Court will not speculate as to Hall's claims based on the attachments to his Complaint.  Indeed, a plaintiff may not state a claim by relying solely on exhibits.  *See Estate of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) ("[W]e cannot fault the District Court for failing to intuit the necessary factual allegations from one of the many exhibits appended to the complaint.  Judges are not like pigs, hunting for truffles

buried in the record.") (citations and quotations omitted); *see also Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."); *RD Legal Funding, LLC v. Barry A. Cohen, P.A.*, No. 13-77, 2013 WL 1338309, at *2 (D.N.J. Apr. 1, 2013) ("Plaintiff cannot meet its pleading requirements under Rule 8(a) by attaching numerous exhibits to its Complaint.").

Because the facts are alleged in an unclear and disjointed manner, the Complaint fails to provide fair notice of the grounds upon which Hall's claims against each Defendant rest, as required by Rule 8. *See Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits). While it may be possible for Hall to proceed on claims against the named Defendants for violations of his rights, Hall's Complaint lacks sufficient factual allegations to state a plausible claim against any Defendant.

### IV.    CONCLUSION

For the foregoing reasons, the Court will grant Hall leave to proceed *in forma pauperis*, and dismiss his Complaint without prejudice pursuant Federal Rule of Civil Procedure 8 and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Hall will be permitted the opportunity to file an amended complaint to "flesh out [his] allegations by . . . explaining in the amended complaint the 'who, what, where, when and why' of [his] claim." *See Gambrell v. S.*

*Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019).  An appropriate order follows, which contains additional instructions as to amendment.

                              **BY THE COURT:**

                             **/s/ R. Barclay Surrick**
                             **R. BARCLAY SURRICK, J.**