IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL HALL, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 22-4759 |
| SEPTA, *et al.* | : | |

**SURRICK, J.**                                                                                           **March 27, 2024**

**<u>MEMORANDUM</u>**

**I.      BACKGROUND**

*Pro se* Plaintiff, Paul Hall, filed a complaint against the following named defendants: SEPTA, TWU Local 234, Judge Debra Bowers, Bethann Naples, Esq., and David Stern, Esq. (Compl., ECF No. 2, at 2–3. (PDF Paginaton).)  Hall utilized a standard form to submit his Complaint and checked the box to indicate federal question as the basis for this court's jurisdiction, specifically noting "employment discrimination and violation to [sic] ADA." (*See id.* at 3.)  We granted Hall leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Mem., ECF No. 4, at 3.)  However, because Hall's complaint did not provide a short and plain statement that stated a claim on which relief could be granted, we dismissed the complaint without prejudice pursuant to § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 8.  (*Id.* at 3, 7.)  We permitted Hall the opportunity to file an amended complaint that fleshed out his allegations.  (*Id.* at 7–8.)

In his Amended Complaint, Hall formally lists SEPTA as the only defendant.  (*See* Am. Compl., ECF No. 6, at 5.)  While filings by *pro se* litigants are construed liberally (*see* Mem. at 3, citing *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021)), we dismissed Hall's claims against Judge Bowers, Naples, and Stern because Hall "simply ha[d] presented no allegations of wrongdoing" against these defendants.  (*See* ECF No. 7 at 1 n.1.)  Because the Amended

Complaint still maintained allegations of wrongdoing by TWU Local 234, we allowed Hall to proceed with a claim against it along with SEPTA. (*See id.* at 1; *see generally* Am. Compl. at 9–21) While not entirely clear, the Amended Complaint appears to allege discrimination based on race under Title VII of the Civil Rights Act, discrimination based on disability under the Americans with Disability Act ("ADA"), and discrimination on the basis of both race and disability under the Pennsylvania Human Relations Act ("PHRA").[1] (*See* Am. Compl. at 3, 6.)

While Hall's Amended Complaint is also difficult to parse (*see* Mem. at 4), he appears to allege the following: He became disabled in 2005 when he suffered a gunshot wound to his femur as an innocent bystander of an attempted murder. (Am. Compl. at 9.) He later suffered a foot injury that further handicapped him. (*Id.* at 9.) He made claims to SEPTA for reasonable accommodations for his disabilities through his union representative but neither SEPTA nor his union, TWU Local 234, made good faith efforts to accommodate his requests. (*See id.* at 9, 11.) Hall has attached a statement to his Amended Complaint indicating that he was aware that SEPTA had taken the position that he had run out of sick time by April 18, 2018, and would be fired if he did not return to work. (*See id.* at 112.) It appears that Hall was fired that year for not returning to work. (*See id.* at 12, 58, 108.)

## II. DISCUSSION

Under Fed. R. Civ. P. 12(b), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted and for a lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1), (6). Here, each Defendant has filed a Motion to Dismiss Hall's complaint on

---

[1] In using this Court's form to bring his Complaint, it appears that Hall may have intended to cross out the mark he made indicating that he intended to bring a claim under the ADA. (*See* Am. Compl. at 3; SEPTA Mem., ECF No. 10-3, at 2 n.1.) However, because Hall alludes to the ADA in his Amended Complaint, which focuses on alleged discrimination on the basis of disability, we interpret the Amended Complaint to bring a claim under the ADA. (*See generally* Am. Compl. at 9–21.) *See also Vogt*, 8 F.4th at 185.

both grounds.  (SEPTA MTD, ECF No. 10; TWU Local 34 MTD, ECF No. 12.)  In particular, both Defendants argue that Hall's Complaint is barred by the statute of limitations.  (*See* SEPTA Mem. at 3–7; TWU Local 34 Mem., ECF No. 12-1, at 8–9.)  A statute of limitations defense may be raised by a motion under Rule 12(b)(6), but only if the bar is apparent on the face of the complaint.  *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002).  We will grant Defendants' Motions because it is apparent on the face of Hall's Complaint that his claims are time-barred.

Each of the causes of action that Hall brings contain a statute of limitations.  To bring a claim for racial discrimination under Title VII of the Civil Rights Acts or discrimination on the basis of disability under the ADA, the plaintiff must first file a complaint, or charge, with the Equal Employment Opportunity Commission ("EEOC").  42 U.S.C. §§ 2000e–5(e)(1), 12117; *see also, e.g.*, *Seredinski v. Clifton Precision Prod. Co., Div., of Litton Sys.*, 776 F.2d 56, 61 (3d Cir. 1985); *Peter v. Lincoln Technical Institute, Inc.*, 255 F.Supp.2d 417, 426 (E.D. Pa. 2002).  In particular, in a so-called "deferral state" like Pennsylvania, *i.e.* a state that by law prohibits the discriminatory practice alleged and empowers a state or local agency to grant or seek relief from such practice, a plaintiff must file a charge with the EEOC within 300 days after the alleged unlawful employment practice occurred or, if the plaintiff first initiated proceedings with the state or local agency "within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier."  *See Seredinski*, 776 F. 2d at 61; 42 U.S.C. § 2000e–5(d), (e)(1).  Furthermore, "[t]o bring suit under the PHRA, a plaintiff must first have filed an administrative complaint with the [Pennsylvania Human Relations Commission ("PHRC")] within 180 days of the alleged act of discrimination."  *Woodson v. Scott Paper Co.*, 109 F.3d 913, 925 (3d Cir. 1997); 43 PA. CONS. STAT. § 959(a), (h).

Hall's claims are barred by the applicable statutes of limitation.  Hall alleges in his Amended Complaint that the discriminatory acts taken against him occurred on August 17, 2017. (Am. Compl. at 6.)  However, the Amended Complaint also suggests that Hall was fired sometime in 2018.  (*See id.* at 12, 58, 108.)  Because we must read Hall's Amended Complaint in the light most favorable to him, we will assume that the alleged discriminatory conduct occurred in 2018.  *See Langford v. City of Atl. City*, 235 F.3d 845, 850 (3d Cir. 2000) ("in reviewing a motion to dismiss under Rule 12(b)(6), we must accept the allegations of the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiffs").  Hall alleges that he did not file a charge with the PHRC until July 21, 2020, and did not file a charge with the EEOC until February 8, 2022.  (*See* Am. Compl. at 7.)  With regard to his claims under Title VII and the ADA, Hall first filed a complaint with a state agency but filed his charge more than 300 days after any alleged discriminatory conduct occurred.[2]  With regard to his claim under the PHRA, he filed his complaint more than 180 days after any allegedly discriminatory conduct occurred.  Accordingly, each of Hall's claims are barred by the statute of limitations.

### III.   CONCLUSION

For the foregoing reasons, Defendants' Motions are granted and Hall's Amended Complaint is dismissed with prejudice.  Because we dismiss Hall's Amended Complaint as time-barred, we need not address the other arguments presented by the Defendants.

---

[2] Hall does not address whether the PHRC ever notified him that it had terminated proceedings in relation to his complaint.  Nevertheless, because the statute of limitations under the ADA and Title VII ends at the earliest period of either 30 days after such a notification or 300 days after the allegedly discriminatory conduct, even if the PHRC provided Hall with such a notification, the statute of limitations has run on Hall's ADA and Title VII claims.  *See* 42 U.S.C. §§ 2000e–5(e)(1).

An appropriate order follows.

                                    **BY THE COURT:**

                                    */s/ R. Barclay Surrick*
                                    **R. BARCLAY SURRICK, J.**